UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GLENN M. SAPIA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-1453** |
| **PLAQUEMINES PARISH PRISON, ET AL.** | **SECTION: "J"(1)** |

### REPORT AND RECOMMENDATION

Plaintiff, Glenn M. Sapia, a state prisoner, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the Plaquemines Parish Prison, Warden Orbon Tinson, Sheriff Jiff Hingle, and Deputy A. Barthelny. Plaintiff claims that his constitutional rights were violated when he was evacuated from the Plaquemines Parish Prison due to the approach of Hurricane Katrina. As relief, he seeks monetary damages.

A Spears hearing was held on April 17, 2006, to allow plaintiff a meaningful opportunity to advise the Court of the nature and factual basis of his claims. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).[1] At that hearing, plaintiff was sworn and his testimony was recorded. Based on his

---

[1] "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt,

complaint and <u>Spears</u> hearing testimony, the Court finds that plaintiff is making the following allegations in support of his claims.

Due to the approach of Hurricane Katrina, plaintiff and the other inmates at the Plaquemines Parish Prison were evacuated by bus to a facility in East Baton Rouge Parish on August 26, 2005. Plaintiff was told that he could bring with him only two sets of prison clothes, two sets of undershorts, socks, and t-shirts, and some toiletries. All other possessions and the funds in his prison account had to be left at the prison. To date, plaintiff's personal possessions and funds which were left behind have not been returned to him.

Prior to leaving, the prisoners were fed breakfast. However, during the bus ride to East Baton Rouge Parish, which took approximately eight to ten hours, they were not fed, given water or other beverages, or allowed to take restroom breaks.

At the <u>Spears</u> hearing, plaintiff testified that while incarcerated in East Baton Rouge Parish the evacuated inmates did not have access to a prison commissary or to mail services and supplies for approximately one month. He stated inmates also did not have access to a telephone for approximately one week. He further testified that they were allowed to shower only twice per week when they first arrived.

At the conclusion of <u>Spears</u> hearing, plaintiff mentioned that the officials at his current prison are not receiving correct information regarding his arrest date and the time he has already served. He claims that, as a result, he is not being given the appropriate amount of credit for time served.

This Court is statutorily mandated to "review, before docketing, if feasible or, in any event,

---

73 F.3d 600, 602 (5th Cir. 1996). <u>Spears</u> hearing testimony becomes a part of the total filing by the *pro se* applicant. <u>Id</u>.

as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).[2]

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit,[3] federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of the complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss

---

[2] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

[3] Rec. Doc. 3.

a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6. Broadly reading plaintiff's complaint and fully considering his Spears hearing testimony,[4] the Court finds that his complaint lacks any arguable basis in law and should be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.

### "Plaquemines Parish Prison"

As a preliminary matter, the Court notes that the "Plaquemines Parish Prison" is not a proper defendant. A detention facility is merely a building, not a "person" subject to suit under 42 U.S.C. § 1983. See, e.g., Cullen v. DuPage County, No. 99-C-1296, 1999 WL 1212570, at *1 (N.D. Ill. Dec. 14, 1999); Whitley v. Westchester County Correctional Facility Administration, No. 99-CIV-0420(SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989); Mitchell v. Chester County Farms Prison, 426 F. Supp. 271, 274 (E.D. Pa. 1976).

### Lost Property

Plaintiff's claim for lost property is barred under federal law. In Parratt v. Taylor, 451 U.S. 527 (1981), the United States Supreme Court held that where a state actor, through his random and unauthorized actions, *negligently* deprives a prisoner of his property, there is no due process

---

[4] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

violation *if* the state provides an adequate postdeprivation remedy. In Hudson v. Palmer, 468 U.S. 517 (1984), the Supreme Court extended that holding to *intentional* deprivations of property. In Daniels v. Williams, 474 U.S. 327, 330-31 (1986), the Supreme Court then overruled Parratt in part, holding that merely negligent deprivations of property simply do not implicate the Due Process Clause at all.

It is unclear whether plaintiff is contending that he was deprived of his property through either negligent actions or intentional actions. "Ultimately, however, it is of no consequence whether [a prisoner] alleges a deprivation of property by negligence or intent; in neither instance does he state a valid § 1983 action for deprivation of property." Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005). If plaintiff is claiming negligence, his claim is barred by Daniels. If he is claiming intentional conduct, the claim is barred by Hudson, in that Louisiana law clearly provides him with an adequate postdeprivation remedy, i.e. a tort suit brought in state court. Marshall v. Norwood, 741 F.2d 761, 764 (5th Cir. 1984); Bennett v. Louisiana Department of Public Safety and Corrections, 61 Fed. App'x 919 (5th 2003); Arnold v. Inmate Accounts, 48 Fed. App'x 105 (5th Cir. 2002). Accordingly, he may not pursue his claim in this federal forum.

### Bus Ride

Plaintiff's claim that his constitutional rights were violated when he was not fed, given water or other beverages, or allowed to take restroom breaks during the bus ride to East Baton Rouge Parish is clearly frivolous.

The United States Fifth Circuit Court of Appeals has held that the Eighth Amendment may be violated when a prisoner is punished by depriving him of food:

> Because depriving a prisoner of adequate food is a form of corporal punishment, the eighth amendment imposes limits on prison officials' power to so deprive a prisoner. A facially permissible form of punishment may, for example, through continual use inflict cruel and unusual punishment. Thus, [a prisoner's] assertion that he was continuously deprived of food presents a set of facts that may entitle him to relief.

Cooper v. Sheriff, Lubbock County, Texas, 929 F.2d 1078, 1083 (5th Cir. 1991) (citations omitted).

However, not all such deprivations of food constitute an Eighth Amendment violation:

> The deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the minimal civilized measure of life's necessities. Whether the deprivation of food falls below this threshold depends *on the amount and duration of the deprivation*.

Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999) (internal quotation marks and citations omitted) (emphasis added).

In the instant case, the inmates were not being *punished* when they were deprived of food or beverages. Quite the contrary is true. The prison officials were attempting to *protect* the inmates from a raging hurricane bearing down on south Louisiana by evacuating them to the safety of East Baton Rouge Parish. An unfortunate consequence of the arduous evacuation, experienced by thousands of area residents, both the incarcerated and unincarcerated alike, is that some of the comforts to which travelers are normally accustomed simply were not available. Moreover, the prisoners were fed breakfast before they got on the bus, and the duration of the deprivation was only eight to ten hours. Under those circumstances, a missed meal or two is hardly a deprivation rising to the level of a federal constitutional violation. See Palmer v. Johnson, 193 F.3d 346, 352 (5th Cir. 1999). The same is clearly true of the lack of a beverage service for this discrete, finite period during an emergency evacuation undertaken by prison officials to protect inmates from an impending natural disaster.

Regarding the denial of bathroom breaks, the Court acknowledges that perhaps that deprivation was even more uncomfortable. Nevertheless, it is not actionable under these circumstances. The deprivation occurred on a single occasion and for a period of time that was not unconscionably long. Moreover, the prisoners were not denied access to a bathroom out of a desire to inflict punishment. Additionally, plaintiff points to no physical harm he suffered as a result of the deprivation, as is necessary for relief in a federal civil rights action. See 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."); see also Vacca v. Scott, 119 Fed. App'x 678, 679 (5th Cir. 2005) ("generalized pain and discomfort" resulting from denial of access to a bathroom "is insufficient to state an Eighth Amendment violation").

## Conditions in East Baton Rouge Parish

As noted, plaintiff also complains about the conditions of his confinement once he arrived in East Baton Rouge Parish. He testified at the Spears hearing that the evacuated inmates did not have access to a prison commissary or to mail services and supplies for approximately one month, did not have access to a telephone for approximately one week, and were allowed to shower only twice per week.

As a preliminary matter, the Court notes that the named defendants appear to be from Plaquemines Parish, and it is not apparent to what extent, if any, they were responsible for the conditions of confinement in East Baton Rouge Parish. Nevertheless, even if the Court assumes that the named defendants bore some responsibility for those conditions, the conditions were not so egregious as to violate the United States Constitution.

Regarding the lack of access to a commissary, inmates have no constitutional right to a prison commissary. Tokar v. Armontrout, 97 F.3d 1078, 1083 (8th Cir. 1996); Burke v. Rudnick, No. CIV3:97CV77, 2000 WL 33339652, at *2 (D.N.D. Aug. 4, 2000).

As to plaintiff's complaint that he did not have access to mail for approximately one month or access to telephone for approximately one week, such deprivations do not rise to the level of a constitutional deprivation. Even if mail service and telephone service were otherwise available, which it should be noted was not always the case in the aftermath for Hurricane Katrina, the temporary suspension of those services for the evacuated inmates was hardly illegal under the circumstances. Plaintiff's complaint is apparently that he was unable to contact his family.[5] However, even assuming that he did not have access to mail service for a month or more,[6] he admitted that telephone access was available except for approximately one week and, presumably, he could have contacted his family in that manner. To the extent that he is complaining that telephone access was not available for that one-week period, prisoners have no constitutional right

---

[5] Plaintiff's claim apparently concerns only restrictions on means of personal, as opposed to legal, communication. Accordingly, this Court does not construe plaintiff's claim as one alleging denial of access to courts. Nevertheless, out of an abundance of caution, the Court notes that any such access-to-courts claim would also be frivolous. Such claims are not cognizable unless the prisoner's position as a litigant was prejudiced by the denial of access to courts. See, e.g., Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998); McDonald v. Steward, 132 F.3d 225, 230-31 (5th Cir. 1998); Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993). Plaintiff has not alleged that he suffered any such prejudice.

[6] To the extent that plaintiff's complaint is based on the fact that indigent inmates were not given free postage for personal correspondence, the Court notes that the claim is patently frivolous. The federal constitution does not require free postage for personal mail. Van Poyck v. Singletary, 106 F.3d 1558, 1559 (11th Cir. 1997); Hershberger v. Scaletta, 33 F.3d 955, 956-57 (8th Cir. 1994).

to unlimited telephone access. See Lopez v. Reyes, 692 F.2d 15, 17 (5th Cir. 1982).[7] The Court finds that the brief unavailability of telephone service under these circumstances, and where there is not even an allegation that the unavailability was a punitive measure, does not rise to the level of a federal constitutional violation.

Plaintiff's claim that he was allowed only two showers per week is also frivolous. The United States Fifth Circuit Court of Appeals has held that "the eighth amendment forbids deprivation of the basic elements of hygiene." Daigre v. Maggio, 719 F.2d 1310, 1312 (5th Cir. 1983). However, while prolonged denial of adequate bathing opportunities may rise to the level of a constitutional violation, daily showers are not required. Compare Bradley v. Puckett, 157 F.3d 1022 (5th Cir. 1998) (*disabled* prisoner unable to bathe for *several months* states a claim for constitutional deprivation) with Hamilton v. Lyons, 74 F.3d 99, 106 n.8 (5th Cir. 1996) (denial of showers for three-day period does not violate Eighth Amendment). One or two showers per week is constitutionally sufficient. See Davenport v. DeRobertis, 844 F.2d 1310, 1316-17 (7th Cir. 1988) (once per week); Durrough v. Hogan, 563 F.2d 1259, 1262 (5th Cir. 1977) (twice per week).

### Credit for Time Served

Lastly, as noted, plaintiff stated at the Spears hearing that officials at his current prison are not receiving correct information regarding his arrest date, and, as a result, he is not being given the appropriate amount of credit for that time served. The Court does not consider that statement as a formal claim in this lawsuit. Nevertheless, even if the Court were to consider it as such, plaintiff

---

[7] This assumes, of course, that prisoners have a right to telephone access for personal calls at all, an assumption which is not unassailable. See, e.g., Martinez v. Mesa County Sheriff, Nos. 95-1154 and 95-1157, 1995 WL 640302, at *1 (10th Cir. 1995); Arney v. Simmons, 26 F. Supp. 2d 1288, 1293 (D. Ka. 1998).

cannot gain the remedy he seeks, i.e. an adjustment of his remaining sentence, in a federal civil rights action.  "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Boyd v. Biggers, 31 F.3d 279, 283 n.4 (5th Cir. 1994).

### RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this nineteenth day of April, 2006.



_____
**SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE**